```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
JOSEPH LICATESI,                                        :
                                                        :
                          Plaintiff,                    :    **MEMORANDUM & ORDER**
                                                        :    08-CV-1665 (DLI) (RER)
          -against-                                     :
                                                        :
PENAUILLE SERVISAIR and JOHN                            :
LANE,                                                   :
                                                        :
                          Defendants.                   :
------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

On April 22, 2008, plaintiff filed a *pro se* action alleging, *inter alia*, employment discrimination. On July 31, 2008, defendants moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposed the motion to dismiss through an affirmation from counsel and a request for leave to file an Amended Complaint, attached as an exhibit to counsel's affirmation, which, according to plaintiff, moots the motion. The Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the American with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq*. It also asks the court to exercise supplemental jurisdiction over claims arising under the New York State Human Rights Law § 290, *et seq.*, and the New York City Administrative Code § 8-101, *et seq*.

For the reasons set forth below, plaintiff's request for leave to file the Amended Complaint is granted, but his request for an order to have defendant's motion to dismiss declared moot is denied. Defendants' motion to dismiss is granted, and plaintiff's Amended Complaint is dismissed in its entirety.

## I. BACKGROUND

Plaintiff seeks leave to file an Amended Complaint, which alleges that defendants discriminated against him on the basis of disability and retaliated against him for requesting a reasonable accommodation of his disability, in violation of the ADA and Title VII. Plaintiff also asserts retaliation and disability claims under the New York State Human Rights Law and the New York City Administrative Code. Plaintiff argues that his submission of an Amended Complaint renders moot defendants' motion to dismiss.

Plaintiff has been employed by defendant Penauille Servisair LLC ("Penauille") since July 1994. (Am. Compl. ¶ 14.) Although plaintiff was initially employed to work at JFK airport, he was transferred to LaGuardia Airport in June 2005. (*Id.* at ¶¶ 33-34.) On or about April 4, 2007, plaintiff sustained severe back injuries and was subsequently advised by his physician that he could return to work as long as he was not required to engage in heavy lifting. (*Id.* at ¶¶ 16-17.) Plaintiff alleges that this injury resulted in a physical impairment that limits one or more of his major life activities, and that he is regarded by Penauille as having such impairment. (*Id.* at ¶¶ 25-26.) As such, he claims to have a disability within the meaning of ADA. (*Id.*)

Following his injury, on April 14, 2007, plaintiff asked Linda Montano, general manager, to allow him to return to work on the terms recommended by his physician, which involved appointing him to "light duty" as an office or clerical worker. (*Id.* at ¶¶ 18, 26, 48.) Although Ms. Montano initially granted his request, plaintiff alleges that he was subjected to harassment and unfounded pretextual charges of poor performance both before and after his return to work. (*Id.* at ¶¶ 20-25.) Specifically, plaintiff claims that, on at least two occasions, Penauille employees forced him to engage in heavy lifting and "other tasks injurious to plaintiff's health." (*Id.* at ¶ 25.) On May 15, 2007, while plaintiff was on light duty, he was advised by co-worker Manny Martins to undertake duties that were against medical advice and would further injure

plaintiff.  (*Id.* at ¶ 49.)  Plaintiff also alleges that, on June 1, 2007, defendant John Lane, a maintenance manager, instructed a co-worker to have plaintiff move carts that weighed over 600 pounds by himself, causing plaintiff to reinjure his back and hurt his ankle.  (*Id.* ¶ 50.)

The Amended Complaint alleges that, on June 8, 2007, plaintiff was suspended from Penauille for allegedly threatening management.  (*Id.* ¶ 51.)  His suspension was followed by a meeting on June 13, 2007 regarding this incident and the addition of a letter to plaintiff's personnel file.  (*Id.* at ¶ 52.)  Plaintiff was terminated on June 20, 2007 based "on his breach of company policy."  (*Id.* at ¶ 53.)  On June 21, 2007, plaintiff's wife called worker's compensation to inquire about the status of certain checks that plaintiff was supposed to receive, but was told that there was no record of a reinjury and that the company had failed to inform the worker's compensation office of any sort of injury.  (*Id.* at ¶ 54.)[1]

Defendants contend that plaintiff's proposed Amended Complaint and accompanying attorney affirmation do not cure the legal deficiencies of his claims and are insufficient to avoid dismissal at this juncture.  Defendants ask the court to consider Exhibits "B" through "H" annexed to their memorandum of law in support of their motion to dismiss on the ground that they have been incorporated by reference into the complaint, and argue that plaintiff's disability claims are partially-time barred.  They further move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff failed to allege any qualifying adverse

---

[1] Plaintiff alleges a number of facts preceding the alleged onset of his disability on April 4, 2007 which are not addressed here because they are unrelated to his federal claims. (Am Compl. ¶¶ 33-45.) *See infra* at Section II(E). Plaintiff also alleges that, on May 7, 2007, he met with Ms. Montano to discuss concerns about Penauille's failure to preserve the confidentiality of his personal information, including his wife's social security and bank account numbers. (Am Compl. ¶¶ 46-47.) He further indicates that, on April 14, 2007, he met with a gentleman named Matt Ellington from Penauille's main office to discuss plaintiff's concern regarding confidentiality as well as his purported knowledge of thievery and payoffs at La Guardia. (Id. at ¶ 48.) Although these events allegedly took place after his injury, plaintiff does not specify and the court fails to see how they are connected to his claims of disability discrimination and retaliation. The court finds that these facts are completely irrelevant to this cause of action.

employment actions or meet the threshold pleading requirements of a discrimination or retaliation claim under Title VII and the ADA.

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). On a motion to dismiss, the court "accept[s] as true the factual allegations of the complaint, and construe[s] all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, at the motion to dismiss stage, courts must adjudicate the sufficiency of plaintiff's claims under "'a heightened pleading standard in those contexts where factual amplification is needed to render a claim plausible.'" *Turkmen*, 589 F.3d at 546. (quoting *Ross v. Bank of America, N.A. (USA),* 524 F.3d 217, 225 (2d Cir. 2008).

### B. Plaintiff's Request for Leave to File Amended Complaint

Since plaintiff's original complaint was filed *pro se*, the court grants plaintiff's request for leave to submit the Amended Complaint, which was filed with the benefit of counsel. *See* FED. R. CIV. P. 15(a) (allowing a party to amend its pleading "once as a matter of course at any time before a responsive proceeding is served"); *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ("[A] *pro se* complaint is to be read liberally," and "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and citation omitted); *see also In re Biotech AG Sec. Litig.*, 07-cv-06728 (DC), 2009 WL 5125130, at *4 (S.D.N.Y. Dec. 29, 2009) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)) ("The decision to grant leave to amend is within the sound discretion of the trial court."); *Posadas de Mexico, S.A. de C.V. v. Dukes,* 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (finding that leave to amend should be granted unless the motion is product of bad faith or dilatory motive, will prejudice opposing party, or be futile).

### C. Plaintiff's Request for an Order Declaring Moot Defendants' Motion to Dismiss and Defendants' Request for Default Dismissal of Allegedly Unopposed Claims

Plaintiff argues that defendants' motion to dismiss is rendered moot by his submission of an Amended Complaint. Defendants respond by citing to Rule 7.1 of the Local Rules of Practice of the United States District Court for the Southern and Eastern Districts of New York, which grants the court the discretion to grant a motion by default where the responding party fails to support its opposition by a memorandum of law. Defendants argue that dismissal by default is warranted in light of plaintiff's failure to oppose the motion to dismiss through a memorandum of law.

The court finds that counsel's affirmation sufficiently sets forth the points and authorities relied upon in opposition to the motion in issue. The court will assess the sufficiency of plaintiff's factual allegations based on the Amended Complaint and counsel's affirmation. *See generally Branham v. Meachum*, 77 F.3d 626 (2d Cir. 1996) (where *pro se* plaintiff responded to defendants' motion to dismiss by filing an Amended Complaint, considering the sufficiency of plaintiff's claim in light of the factual allegations in the Amended Complaint).

**D.      Defendant's Request for Review of Material Outside of Complaint**

"In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading." *Maisonet v. Metro. Health Hosp. Corp.*, 640 F. Supp. 2d 345, 347 n.2 (citing *Stuto v. Fleishman,* 164 F.3d 820, 826 n.1 (2d Cir. 1999)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153 (internal citations and quotation marks omitted).

Where extrinsic documents are not explicitly referenced in the pleading, or cannot be deemed integral to the complaint, the court is "obligated to convert the motion [to dismiss] to one for summary judgment" before considering them. *Id*. at 154; *see also* FED. R. CIV. P. 12(d) (when material outside a complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment").

In this case, the court declines to convert defendants' motion to dismiss into a motion for summary judgment or otherwise consider materials annexed by defendants as exhibits to their motion, as the court finds that these materials are not integral to the Amended Complaint or necessary for adjudication of defendants' motion.

### E. Plaintiff's Claims Preceding the Onset of His Alleged Disability

In addition to the facts set forth in Section I, *supra*, the Amended Complaint alleges additional facts purporting to show defendants' misconduct which are not addressed herein because they precede the alleged onset of plaintiff's disability on April 4, 2007 or are otherwise unrelated to his disability. *See, e.g., Cozzi v. Great Neck Union Free Sch. Dist.*, No. 05-cv-1389 (ENV) (WDW), 2009 WL 2602462, at *15 n.7 (E.D.N.Y. Aug. 21, 2009) (where certain facts predated the alleged disability, such facts "do[] *not*, in any way substantiate plaintiff's claim that defendants knew" she suffered from a disability) (emphasis in original); *Lester v. M&M Knopf Auto Parts*, No. 04-cv-850S, 2006 WL 2806465, at *7 (W.D.N.Y. Sept. 28, 2006) (in a case involving Title VII and ADA claims, finding that alleged adverse action could not be construed as "reasonably related" to protected activity because they predated such activity); *Loren v. Levy*, No. 00-cv-7687 (DC), 2003 WL 1702004, at *6 (S.D.N.Y. Mar. 31, 2003) (finding that alleged adverse action was not taken because of plaintiff's disability where the adverse action predated defendant's notice of plaintiff's disability).

Defendants argue that some of plaintiff's claims prior to September 23, 2006 are partially time-barred.[2] This argument is moot and will not be addressed in light of the court's decision not to consider factual allegations or claims preceding the onset of plaintiff's disability on April 4, 2007, as they are irrelevant to his federal claims under Title VII and the ADA.

---

[2] "Under both Title VII and the ADA, a claimant may bring suit in federal court only if she has filed a timely complaint with the [Equal Employment Opportunity Commission] and obtained a right-to-sue letter." *Pilman v. New York City Housing Auth.*, 64 F. App'x 293 (2d Cir. 2003) (citing 42 U.S.C. § 2000e-5(e) and (f); 42 U.S.C. § 12117(a)). A complaint is timely filed with the EEOC if it is filed within 300 days of the allegedly discriminatory act. *Id.* Defendants do not dispute that plaintiff's federal claims after the onset of his disability on April 4, 2007 are timely. (*See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Mot.") at 5.)

F.  Disability Discrimination and Discriminatory Discharge

Plaintiff claims that defendants discriminated against him by failing to provide a reasonable accommodation for his disability and discharging him in violation of the ADA, 42 U.S.C. § 12112(a).  Under the ADA, plaintiff undertakes the initial burden of establishing a *prima facie* case of disability discrimination.  S*hannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2004).  To make out a *prima facie* case, plaintiff must show that:  (1) defendants are subject to the ADA; (2) plaintiff was a person with a disability within the meaning of the ADA; (3) plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) plaintiff suffered adverse employment action because of his disability.  *Shepheard v. New York City Corr. Dep't*, No. 08-cv-6068, 2010 WL 106692, *1 (2d Cir. Jan. 13, 2010); *see also Sacay v. Research Found. of City Univ. of New York*, 44 F. Supp. 2d 496, 500 (E.D.N.Y. 1999) (where the specific claim brought by plaintiff is discriminatory discharge under the ADA, plaintiff must show, as the fourth element, that he was fired because of his disability).  Defendants do not dispute that they are subject to the ADA, but contend that plaintiff fails to adequately plead the other three elements of a disability discrimination or discriminatory discharge claim.  The court agrees.

With respect to the second element, the ADA defines a "disabled individual" as one who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) [is] regarded as having such an impairment."  42 U.S.C. § 12102(2); *see also Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 646 (2d Cir. 1998) (holding that a plaintiff must do more than show that his employer regarded him as "somehow disabled; rather, the plaintiff must show that the employer regarded [him] as disabled *within the meaning of the ADA")* (emphasis in original).  Although plaintiff alleges that he suffers from a physical impairment, he does not "identify the activity claimed to

8

be impaired and establish that it constitutes a major life activity," or "show that [his] impairment substantially limits the major life activity previously identified," as he must to be deemed disabled under the ADA. *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 147 (2d Cir. 2009) (internal quotation marks and citations omitted). His claim that that he had certain lifting limitations of which Penauille was aware does not suffice to establish a qualifying disability under the statute, or show that defendants were on notice that he suffered from a covered disability. *See Agostinello v. Great Neck Union Free Sch. Dist.*, No. 05-cv-5838 (WDW), 2009 WL 238865, at *15 (E.D.N.Y. Feb. 2, 2009) (finding that the inability to engage in heavy lifting does not constitute a disability under the ADA); *Cotz v. Mastroeni,* 476 F. Supp. 2d 332, 346, 370 (S.D.N.Y. 2007) (plaintiff who told defendant that she had a bad back and that it was difficult for her to sit for long periods failed to put defendant on notice that she suffered from a covered disability).[3]

With respect to the third element, it is undisputed that Penauille accommodated plaintiff's physical condition by allowing him to return to work post-injury on the terms recommended by his physician, which involved appointing him to "light duty." (*Id.* at ¶¶ 17-18, 48-49.) *See Wilson*, 2008 WL 4426957, at *5 (finding that plaintiff suffering from a back injury did not satisfy her burden of establishing that, with or without reasonable accommodation, she was able to perform the essential functions of her job where, *inter alia*, the only accommodation

---

[3] *See also Wilson v. Family Dollar Stores of N.Y., Inc.*, No. 06-cv-639 (DGT), 2008 WL 4426957, at *4 (S.D.N.Y. Sept. 25, 2008) (finding that a back injury that "impaired [plaintiff's] ability to lift heavy objects, reach over her head, climb ladders, bend over, or walk or sit for prolonged periods" was not as a disability under the ADA); *Graaf v. North Shore Univ. Hosp.*, 1 F. Supp. 2d 318, 321-22 (S.D.N.Y. 1998) (temporary but serious back injury did not constitute a disability under the ADA); *Colwell,* 158 F.3d at 644 (2d Cir.1998) (holding that there was insufficient evidence for a jury to have concluded that plaintiffs—who testified that they had difficulty standing, sitting, lifting, bending, and reaching—were disabled under the ADA)

requested—that she not be required to unload trucks and lift heavy objects—was granted, even though defendant was under no obligation to do so).

The crux of plaintiff's complaint is that, despite his formal assignment to light duty, Lane and other Penauille employees nonetheless discriminated against him by requiring him to engage in tasks such as lifting and pushing heavy equipment, which exacerbated his back injuries and ran contrary to medical advice. However, plaintiff cites only two specific incidents of alleged discrimination following the onset of his disability, both of which are insufficient to establish a viable claim.

Plaintiff's description of the first incident—in which he was allegedly "advised by Manny Martins . . . to undertake duties that were against medical advice and which would cause further injury to the plaintiff"—is far too vague and conclusory to confer on plaintiff a judicially congnizable right of action. At the most basic level, plaintiff does not describe the specific task in issue or how it could have resulted in further injury. *See Ashford v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (to survive a motion to dismiss, a complaint must contain sufficient "factual enhancement" for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" by examining the context and marshaling its "judicial experience and common sense").

Plaintiff also fails to establish that the tasks he was asked to undertake were not among the essential functions of his job, as he must to satisfy his burden on the third element of his *prima facie* case. *See Wilson*, 2008 WL 4426957 at *5 (dismissing claim where plaintiff failed to meet her burden of establishing that she was able to perform the essential functions of her job in spite of her handicap); *Gilbert v. Frank*, 949 F.2d 637, 642 (2d Cir. 1991) (finding that reasonable accommodation "does not mean elimination of any of the job's essential functions"). He further fails to indicate whether Mr. Martins was ever apprised of plaintiff's condition in

order to satisfy his burden under the fourth element to show that the alleged adverse action was connected to his disability. *See Cozzi*, 2009 WL 2602462 at *14 (finding that plaintiff failed to state a *prima facie* case where, *inter alia*, there was no evidence that the supervisors who were responsible for the alleged discriminatory actions ever learned that she suffered from a disability).

Plaintiff's account of the second incident on June 1, 2007, in which he was allegedly injured after being ordered to move carts that weighed over 600 pounds, is similarly deficient. Plaintiff does not provide sufficient context for the court to determine the gravity of his alleged injuries and whether they interfered with plaintiff's work performance in any way. He further fails to indicate whether the individuals involved in that incident, namely, defendant Lane and an unidentified coworker, had knowledge of his alleged disability. *See Cody v. County of Nassau*, 577 F. Supp. 2d 623, 643 (E.D.N.Y. 2008) (finding that, under the ADA, "the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action") (internal quotation marks and citation omitted).

Plaintiff cites his termination as evidence of adverse employment action by defendants on account of his disability. However, he concedes that he was suspended on June 8, 2007 "for allegedly threatening management," and that he participated in a meeting on June 13, 2007 to discuss, not his alleged disability and potential accommodations, but rather his threat to management. (Am. Compl. ¶¶ 51-52.) Indeed, plaintiff alleges that he was terminated on June 20, 2007 "based on his breach of company policy" following the alleged threat and ensuing proceedings. (*Id*. at ¶ 53.) At no point in the Amended Complaint does plaintiff challenge the veracity of the charge that he threatened management. *Cf. Uddin v. City of New York*, No. 07-cv-1356 (PAC) (DF), 2009 WL 2496270, at *19 (S.D.N.Y. Aug. 13, 2009) (where plaintiff alleged that a disciplinary charge that he had threatened his supervisor was evidence of adverse

employment action, finding that plaintiff's conclusory statements that the charge was false or exaggerated was "not an adequate substitute for evidence capable of establishing a *prima facie* case" of discrimination); *Brown v. Soc'y for Seaman's Children*, 194 F. Supp. 2d 182, 191-92 (E.D.N.Y. 2002) (finding that threatening a supervisor is a legitimate reason for termination);

In sum, plaintiff's claims that he was disabled as a matter of law, denied reasonable accommodation, and subjected to adverse employment action, including termination, in contravention of his federal rights are wholly devoid of factual support. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action. *Ashcroft*, 129 S.Ct. at 1949. Plaintiff thus fails to allege a *prima facie* claim of disability discrimination and discriminatory discharge, which warrants dismissal of his claim.[4]

### G. Retaliation

Plaintiff claims that the defendants retaliated against him for complaining about his hostile work environment by asking him to engage in tasks that could result in further injury to his back, terminating him and denying him workers' compensation benefits, in violation of Title VII and the ADA. Title VII and ADA retaliation claims are analyzed under the same legal framework. *Warren v. Goord*, No. 06-3349-pr, 2008 WL 5077004, at *2 (2d Cir. Nov. 26, 2008).

It is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under the relevant statutes. 42 U.S.C. § 2000e-3(a). A plaintiff establishes a *prima facie* case of retaliation by demonstrating that "(1) the employee was engaged in protected activity; (2) the employer was

---

[4] Although plaintiff alleges other facts purporting to show employment discrimination, these facts precede the onset of his alleged disability in April 2007. That alleged misconduct is not actionable, since plaintiff alleges no nexus between such facts and any disability within the meaning of Title VII or the ADA.

aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." *Sclafani v. PC Richard & Son*, No. 07-cv-3767 (JFB) (ARL), 2009 WL 3756774, at *7 (E.D.N.Y. Nov. 9, 2009) (quoting *Gregory v. Daly,* 243 F.3d 687, 700 (2d Cir. 2001)). The Second Circuit defines "adverse employment action" as a "materially adverse change in the terms, privileges, duration and conditions of employment." *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002); *see also Morris v. Lindau,* 196 F.3d 102, 110 (2d Cir. 1999) (defining adverse action to include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand").

Plaintiff's failure to meet his pleading burden is most evident with respect to the first and fourth elements. To establish the first element, plaintiff must show that he was engaged in "protected activity," which entails participation "in any manner *in an investigation, proceeding, or hearing"* under the ADA. *Williams v. New York City Hous. Auth.*, No. 07-cv-7587 (RJS), 2009 WL 804137, at *8 (S.D.N.Y. Mar. 26, 2009)) (quoting 42 U.S.C. § 12203) (emphasis in original); *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir. 2000) (defining "protected activity" as "action taken to protest or oppose statutorily prohibited discrimination"). To establish the fourth element, "a causal connection between an adverse employment action and a protected activity[,] [plaintiff] must demonstrate that the allegedly adverse actions occurred in circumstances from which retaliatory intent can reasonably be inferred." *Delgado v. Triborough Bridge and Tunnel Auth.*, 485 F. Supp. 2d 453, 462 (S.D.N.Y. 2007) (citing *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). Plaintiff may demonstrate retaliatory intent either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of

fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by defendant." *Id.*

Plaintiff does not establish that he was engaged in protected activity at the time of the alleged adverse actions. Even assuming that plaintiff's request for accommodation of his back injury could be deemed protected activity, it is undisputed that Penauille granted his request and assigned him to light duty. Plaintiff does not make any allegations of fact suggesting that Mr. Martins and Mr. Lane intended to retaliate against him for requesting that assignment when they allegedly asked him to undertake duties that would injure plaintiff. There is no allegation that plaintiff was treated differently from similarly situated employees, or that the two men were even aware of the defendant's physical condition.

Plaintiff further fails to plead facts showing that his suspension and subsequent termination were causally connected to his disability and related requests for reasonable accommodation. Instead, the factual allegations in the Amended Complaint establish that the company's actions followed plaintiff's "breach of company policy" by threatening management. (Am Compl. ¶¶ 51-52.)

Plaintiff's allegation regarding his failure to receive workers' compensation benefits is similarly insufficient to establish retaliation under Title VII or the ADA. Although plaintiff claims that he was entitled to worker's compensation based on the back injury suffered while on duty on June 1, 2007, he fails to plead any facts showing that he reported or subsequently raised with his supervisors any issue regarding his physical condition, sought medical attention for his injuries, or took measures to comply with company guidelines to ensure payment. He also fails to allege that it was defendants' responsibility to inform the workers compensation department of plaintiff's injury. As plaintiff does not offer any facts tending to show that he was engaged in

protected activity or that the proffered reason for his termination was a pretext for discrimination, his Title VII and ADA retaliation claims are hereby dismissed.

## H. Hostile Work Environment

Plaintiff's hostile work environment claim, asserted for the first time in the Amended Complaint, appears to be brought under New York state and city statutes. (Am. Compl. ¶¶ 62-68.) Assuming, *arguendo*, that plaintiff is also asserting a federal claim, he fails to plead sufficient facts to establish a hostile work environment claim under Title VII. In the Title VII context, plaintiff must satisfy two elements to prevail on his hostile work environment claim: "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Sclafani,* 2009 WL 3756774 at *3 (quoting *Mack v. Otis Elevator Co.,* 326 F.3d 116, 122 (2d Cir. 2003)).

Here, plaintiff makes no claim that the alleged misconduct was so pervasive that it altered the conditions of his work environment. Moreover, plaintiff alleges no basis for imputing the misconduct to the employer, since he does not allege that any of the employees involved in the incidents were informed of his disability or adjusted "light duty" status. *See Nakis v. Potter,* No. 01 Civ. 10047 (HBP), 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) (holding that "[h]ostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable" under Title VII) (citation omitted). Accordingly, any hostile work environment claims under Title VII are dismissed.

The Second Circuit has not yet determined whether the ADA gives rise to a cause of action for hostile work environment. *Ragusa v. Malverne Union Free Sch. Dist.*, 582 F. Supp. 2d 326, 346 (E.D.N.Y. 2008) (citations omitted). Although other courts have recognized such a cause of action, these courts have held that, if a plaintiff cannot establish that he has a disability

within the meaning of the ADA, his hostile work environment claim based on his alleged disability must fail as well. *Id*. (citations omitted). Because plaintiff fails to establish a disability under the ADA, any claim he had for hostile work environment based on alleged disability discrimination is dismissed.

Even assuming that the ADA supports a cause of action of hostile work environment, and assuming further that Plaintiff was disabled within the meaning of the ADA, his claim would still fail as his allegations, even if viewed as true, do not rise to the level of conduct that is "'severe or pervasive enough to create an objectively hostile or abusive work environment.'" *Id*. (quoting *Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir. 2002)). Accordingly, Plaintiff's hostile work environment claims are dismissed.

## I. New York State Law Claims

Having dismissed all of the federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Accordingly, the state law claims are dismissed without prejudice.

## III. Conclusion

For the reasons set forth above, plaintiff's request for leave to file an Amended Complaint is granted, and defendants' motion to dismiss the Amended Complaint is granted. This action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 17, 2009

                                        _____/s/_____
                                            DORA L. IRIZARRY
                                        United States District Judge